UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHRISTIAN MORAN, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 20-12195-FDS |
| DEPARTMENT OF CORRECTIONS MASSACHUSETTS., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

**SAYLOR, C.J.**

On December 10, 2020, *pro se* litigant Christian Moran, who is incarcerated at MCI Cedar Junction, filed a complaint under 42 U.S.C. § 1983 in which he alleges that the Massachusetts Department of Correction and its commissioner ("Defendants") have failed to award him good time credit for his participation in certain educational programs he recently completed in prison. Moran represents that Defendants have informed him that his release date is December 31, 2020. Moran alleges that, if Defendants had properly awarded and applied his good time credit, his release date would be December 14, 2020.

Although Moran characterizes his action as one under 42 U.S.C. § 1983, the Court cannot treat it as such. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (citations omitted) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

2

Because Moran is a state prisoner, the only mechanism by which he can seek federal habeas relief is a petition under 28 U.S.C. § 2254. Under this statute, a federal court cannot grant habeas relief for a state prisoner unless the petitioner has already exhausted available state remedies. *See* 28 U.S.C. § 2254(a)(b)(1). "This exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Here, Moran does not suggest that he has sought any relief in state court concerning the present challenge to the calculation of his release date, nor has he alleged that a state court remedy is unavailable. Thus, despite the time-sensitive nature of his claim, the Court cannot grant Moran the relief he desires.

For the foregoing reasons, this action is DISMISSED.

**So ordered.**

Dated: 12/16/2020

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Chief Judge, United States District Judge